Frank SCOTT, Appellant,

v.

Doyle SCOTT, Appellee.

No. 16762.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 21, 1966.

Rehearing Denied Nov. 18, 1966.

Lattimore & Lattimore and Hal M. Lattimore, Fort Worth, for appellant.

Elvin E. Tackett, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

The question posed is whether after its former divorce judgment becomes final a trial court may render judgment *nunc pro tunc* altering its provisions on the division of property wherein the former wife was "invested" with title to the cash surrender value of a policy of insurance upon the life of the former hubsand, granting instead a personal judgment in favor of the wife against the husband for the money equivalent of the surrender value.

Our holding is that the mistake, if any, could not be clerical, or within the classification of "clerical errors" subject to correction by a judgment *nunc pro tunc,* and that any attempt to do justice by procedure under such theory must be reversed.

After taking under advisement the matter of property division the trial court wrote the parties stating:

"Gentlemen:

"I am dividing the community property of the parties as follows:

"To Defendant, Doyle Scott, (1) the home and all furnishings located therein; * * * (9) cash surrender value of Mr. Scott's N.S.G. life insurance policy. (10) six cemetery lots.

"All other property to Plaintiff, Frank Scott. * * *

"Very truly yours."

Material portion of the judgment thereafter entered read:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the following denominated real and personal property standing in the name of Frank Scott or Doyle Scott be, and the same is hereby, awarded to Doyle Scott for her sole and separate use and benefit and any and all interests ever possessed in said property by Frank Scott is hereby divested out of the said Frank Scott and full fee simple title is hereby vested and quieted in Doyle Scott, to wit:

" * * * (j) The cash surrender value in the amount of $4,672.00 of one N.S.G. life insurance policy on the life of Frank B. Scott in the face amount of $10,000.00."

In the judgment *nunc pro tunc* the material portion of the recitals read:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the hereinabove enumerated sub-paragraph (j) in Judgment of the Court * * * be and the same is, hereby deleted and omitted from the said Judgment, and the following Order and Judgment shall be entered in lieu thereof:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant Mrs. Doyle Scott do have and recover of and from the Plaintiff Frank Scott, the sum of: FOUR THOUSAND FOUR HUNDRED SIXTY TWO AND 70/100 DOLLARS, ($4,462.70)."

From the foregoing it is apparent that the trial court first rendered its judgment *in rem* as applied to the cash surrender value in the policy in question. It is not a matter of dispute between the parties that it was subsequently discovered that under the judgment said surrender value of the policy could not readily be reached and made available to Mrs. Scott. Hence the change made whereby she was by order *nunc pro tunc* granted a judgment *in personam* for its money equivalent.

Although it is evident that the trial court originally intended for Mrs. Scott to have an amount in money which would be the equivalent of the cash surrender value of the insurance policy, having gone so far as to "invest title" thereto in her (with such treated as a fund or property), it could not reasonably be found in the language of the judgment or anywhere in the original record that there was any intent to incorporate any recitation giving her a personal judgment.

In the condensed statement of facts it is stated: "Whereupon, the Court announced that it had been the Court's intention in the original proceeding for divorce to award Doyle Scott a money judgment against Frank Scott in the amount of the cash surrender value. * * *" However, for purposes of our decision of proper action on the instant appeal from the judgment *nunc pro tunc* the question is not determinable by the intention which the court might have had but failed to express, but the intention which by the judgment was expressed. There is no ambiguity warranting resort to rules of construction.

A proceeding under a motion for judgment *nunc pro tunc* has as its only purpose to have the judgment entry speak truly the judgment as rendered, and neither asserts nor seeks the enforcement of any new right. It presents no issue between the parties except in respect to the accuracy of the record, and otherwise involves the adjudication of nothing between them. It is powerless to reopen the controversy as closed and sealed by the judgment, and makes no such attempt. The inquiry is not what judgment might or ought to have been rendered, but only what judgment was rendered; and such is the sole issue to be determined. Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040 (1912). Under such rules of law we believe any right to change the judgment in the respect here attempted would be foreclosed.

It is to be noticed from what has been said that the correct cash surrender value of the insurance policy was $4,462.70 rather than the $4,672.00 recited in the original judgment. That fact is conceded by the parties to the appeal and was made part of the record in the trial court on the motion for judgment *nunc pro tunc*. This was a clerical error and a proper matter for correction by such a judgment. However, it was not corrected.

Reversed and rendered.