Phillip SPEAKER, et al., Appellants,

v.

Mamye LAWLER, et al., Appellees.

No. 7211.

Court of Civil Appeals of Texas, Beaumont.

Feb. 4, 1971.

Rehearing Denied Feb. 25, 1971.

R. E. Renfer, Jr., Dumas, R. A. Neathery, Dallas, for appellants.

Louis Dubuque, Dumas, for appellees.

STEPHENSON, Justice.

This is an appeal from a summary judgment granted plaintiffs in an action for a declaratory judgment, brought under the authority of Vernon's Ann.Civ.St. Article 2524-1 to interpret a judgment which had been entered by the same trial court in which this suit was filed. The plaintiffs in the suit now pending before us were defendants in the original suit, and the defendants were plaintiffs. For convenience, the first suit will be designated as the "original suit" and this suit will be designated as the "present suit."

Martha Ann Speaker was either the mother or grandmother to all of the parties to this suit. Before her death, she executed a deed to the defendants in the original suit conveying the property in controversy.

## ORIGINAL SUIT

The original suit was brought to set aside that deed on the grounds of lack of mental capacity or duress. Defendants in the original suit answered and filed a cross-action in trespass to try title and specially pleaded the three and five year statutes of limitation. Plaintiffs in the original suit filed a formal pleading of "not guilty." Trial of the original suit was by jury and, after both sides had rested, plaintiffs in the original suit filed a motion and request for the trial court to sever defendants' cross-action in trespass to try title and enter a take-nothing judgment against defendants because they had introduced no proof in support of their pleading, which motion was granted.

The case was then submitted to the jury, which found that the execution of the deed had been secured through duress. The trial court then entered judgment upon the verdict cancelling the deed and quieting the title of the plaintiffs in the land described, without stating the amount of interest the plaintiffs had. This judgment was affirmed upon appeal, Lawler v. Speaker, 446 S.W.2d 888 (Tex.Civ.App., —Amarillo, 1969, error ref. n. r. e.).

## PRESENT SUIT

Plaintiffs alleged in this suit that the defendants were claiming all of the ownership of the property in question by reason of the judgment or judgments entered in the original suit, and that the court should declare the effect of such judgment to be that the plaintiffs and defendants each owned an undivided one-half interest in the property. Both plaintiffs and defendants filed motions for summary judgment. The judgment entered in this present suit merely states in substance that on the 8th day of May, 1970, came on to be heard this controversy as to the interpretation of the judgment in the original suit, and the court found the plaintiffs to be owners of an undivided one-half interest in the property, and the defendants the owners of an undivided one-half interest. There is no recitation in that judgment that a motion for summary judgment was granted, or that evidence was heard. There is no statement of facts in this record.

Appellants (plaintiffs in the original suit and defendants in the present suit) have four points of error. First, that the judgment in the original suit was res judicata as to the present suit. Second, the trial court in the present suit incorrectly interpreted the judgment that defendants take nothing in the original suit. Third, the present suit is a collateral attack upon the original judgment. Fourth, the trial court erred in rendering this present judgment without a trial on the merits.

Article 2524-1 does not expressly provide for construction of a judgment, and we decline to extend its provisions by implication. Section 2 of this Act mentions specifically "a deed, will, written contract, or other writings constituting a contract" and also "Statute, municipal ordinance, contract, or franchise." We have not been cited, nor have we found, a single case in Texas brought under this Act for the purpose of interpreting a judgment. ·

We are aware that this Act has been used in other states for this purpose. The division of authority as to this matter is discussed in 26 C.J.S. Declaratory Judgments § 43, at pages 126-127 and in 154 A.L.R. 745 and 749.

In the case before us, even though the parties on both sides filed motions for summary judgment, the judgment entered in the present case makes no reference to summary judgment. No affidavits were attached to the motions for summary judgment, and the judgment does not make a recitation as to what matters the court considered in entering its judgment. We have no statement of facts in our record, so, apparently, the trial court heard no evidence.

We do not have a situation in which a suit was still pending in the trial court, in which the trial court was withdrawing its judgment and entering a new judgment. The judgment in the original suit was rendered on May 20, 1968, the suit was affirmed by the Court of Civil Appeals, 446 S.W.2d 888, and a Petition for Writ of Error refused, n. r. e., by the Supreme Court.

This is not an action under Texas Rules of Civil Procedure, Rules 316 and 317 to correct a mistake, under which we would have to determine whether the mistake was a clerical error or a judicial error. See Finlay v. Jones, 435 S.W.2d 136 (Tex. Sup., 1968), and Comet Aluminum Company v. Dibrell, 450 S.W.2d 56 (Tex.Sup., 1970).

Nor is this an action to have a judgment entered nunc pro tunc as discussed in Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040 (1912), and Scott v. Scott, 408 S.W.2d 135 (Tex.Civ.App.—Fort Worth, 1966, error dism.). The present proceeding is not brought in the form of a bill of review of the judgment in the former proceeding. See McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706, 709 (1961).

We have concluded that a litigant cannot use Article 2524-1 for the purpose of asking a trial court to interpret a prior

judgment entered by that or another court. We feel the approval of such a procedure would literally open "Pandora's Box" and permit, among other things, a new type of re-trial of the same issues or a new method of review of the prior judgment. Plaintiffs in this present suit have an adequate remedy now provided by law, that is, by filing a trespass to try title suit and the trial of all of the issues attempted to be raised in this present suit.

This being a case "of which the trial court did not have jurisdiction, the proper practice is not to dismiss the appeal but to reverse the judgment and remand the cause with the direction that it be dismissed." Fruit Dispatch Co. v. Rainey, 111 Tex. 266, 232 S.W. 281, 282 (1921).

The cause is reversed and remanded with instructions to dismiss the case.