**Jay Howard COHEN, Appellant,**

v.

**Helene Renee COHEN, Appellee.**

**No. 10–81–068–CV.**

Court of Appeals of Texas, Waco.

April 1, 1982.

William H. Scott, Jr., Houston, for appellant.

Marian S. Rosen, Allison J. Snyder, Mary M. Rawlins, Marian S. Rosen & Associates, Houston, for appellee.

## OPINION

McDONALD, Justice.

This is an appeal by plaintiff Jay Howard Cohen from an order of the trial court sustaining defendant Helene Renee Cohen's plea in abatement and dismissing plaintiff's cause of action.

On January 31, 1975 the trial court rendered a judgment of divorce between the parties herein, from which plaintiff did not appeal. Thereafter in December 1980, almost six years after the divorce judgment rendered, plaintiff filed this case, a "Petition for a Declaratory Judgment", seeking to hold void two provisions of the property award in such divorce judgment.

In the portion of the judgment plaintiff attacks, defendant was awarded:

"Out of cash on hand, $219,600. to be paid * * * as follows:

(a) $27,000 in cash within 10 days * * *.

(b) $192,000 due and payable on or before February 1, 1985. Until such sum has been paid, Jay Howard Cohen shall pay to Helene Renee Cohen interest on the remaining unpaid principal balance of said sum at the rate of 10% per annum beginning on February 1, 1975 * *. If the entire sum has not been paid by February 1, 1978, the principal sum outstanding on February 1, of each succeeding year shall be increased or decreased * * [according to the] Implied Price Deflator for Personal Consumption Expenditures (1958 = 100) published by the Bureau of Economic Analysis of the United States Department of Commerce * * *".

Defendant filed a plea in bar (denominated a plea in abatement) asserting the Texas Declaratory Judgment Act "does not allow a declaratory judgment as a remedy against a previous judgment of this court or any other court".

After hearing the trial court sustained the plea and rendered judgment dismissing plaintiff's cause of action.

Plaintiff appeals asserting the trial court erred in sustaining defendant's plea in abatement and in dismissing plaintiff's suit because the declaratory judgment proceeding was proper to state and declare rights and responsibilities of parties to a judgment where one party claimed rights under void portions of the judgment.

Plaintiff contends the provision for interest at 10% is void because at the time the judgment was entered the law of Texas provided that all judgments shall bear interest at 6% after date of judgment; and further that the provision for increase or decrease of the principal amount awarded defendant based on a cost of living index is void in that it is a deprivation of property without due course of law under the Texas and United States Constitutions.

We overrule plaintiff's point and affirm the judgment of the trial court.

■ The utilization of a declaratory judgment action is a collateral attack on the prior judgment and cannot be used for the purpose of asking a trial court to interpret a prior judgment entered by that or any other court. *Speaker v. Lawler*, Tex.Civ. App. (Beaumont) NRE, 463 S.W.2d 741; *Sutherland v. Sutherland*, Tex.Civ.App. (Texarkana) NRE, 560 S.W.2d 531.

■ Moreover the complained of portion of the 1975 judgment is not void on its face. The record reflects the parties owned a great deal of real and personal property. The money plaintiff was awarded out of the cash on hand was only one of the items of property awarded defendant. The terms of the decree merely provided a method by which plaintiff would be allowed to use the

funds in exchange for paying 10% interest. The 10% interest was not interest on the judgment as such. The same reasoning applies to the cost of living increase or decrease in the amount awarded defendant. Plaintiff could avoid this (or have avoided this) by paying in cash the money awarded plaintiff.

A divorce judgment unappealed and regular on its face is not subject to collateral attack in a subsequent suit. *Hardin v. Hardin*, Tex., 597 S.W.2d 347. And the judgment of a court of general jurisdiction is not subject to collateral attack except on the ground that it had no jurisdiction of the person of a party or his property, no jurisdiction of the subject matter, or no jurisdiction to enter the particular judgment. *Austin ISD v. Sierra Club*, Tex., 495 S.W.2d 878.

Here the trial court had jurisdiction of the parties, of the subject matter, and the judgment is not void on its face.

Plaintiff's point is overruled.

AFFIRMED.