Glen A. **MARTIN** and Dorothy F. Martin, Appellants,

v.

**DOSOHS I, LTD., INC., Appellee.**

No. 04–98–00978–CV.

Court of Appeals of Texas, San Antonio.

May 19, 1999.

Rehearing Overruled June 30, 1999.

---

George J. Carson, Law Offices of George J. Carson, San Antonio, for appellant.

Michael Flume, Munn & Flume, P.C., San Antonio, for appellee.

Sitting: TOM RICKHOFF, Justice PAUL W. GREEN, Justice KAREN ANGELINI, Justice.

## OPINION

Opinion by: KAREN ANGELINI, Justice.

### PROCEDURAL BACKGROUND

On August 26, 1998, Glen A. Martin and Dorothy F. Martin (the Martins) filed a suit for declaratory judgment requesting that the trial court interpret their rights regarding easements and a water well under a previous property partition order entered by another court on December 14, 1995. Dosohs I, Ltd., Inc. (Dosohs), responded by filing a plea in abatement alleging that the suit was an impermissible collateral attack on the previous partition order. Dosohs requested that the court sustain the plea in abatement and dismiss the suit. In its order granting Dosohs' plea in abatement, the trial court stated that Dosohs' plea in abatement "should be in all things granted." The Martins appeal the trial court's order.

### DISCUSSION

As a preliminary matter, Dosohs asserts that this court lacks jurisdiction over this

appeal because the trial court's order granting its plea in abatement was not a final, appealable judgment. Dosohs asserts that the trial court only granted its plea in abatement, but did not grant its request to dismiss the suit. Consequently, Dosohs asserts that the trial court's order was interlocutory.

While the trial court did not issue a separate order dismissing the suit, its order stating that Dosohs' plea in abatement "should be in all things granted," implies that the trial court granted Dosohs' request that the suit be dismissed. Any other interpretation would be ineffectual because Dosohs did not identify a curable defect in the Martins pleading that would warrant suspension of the proceeding until cured. Dosohs asserted only that the suit was an impermissible collateral attack, the remedy for which is immediate dismissal. Because the trial court's grant of Dosohs' plea in abatement in its entirety effectively dismissed the underlying declaratory judgment suit, the order was final and appealable. Accordingly, this court has jurisdiction over this appeal.

The Martins assert that the trial court erred by granting the plea in abatement without affording them an opportunity to cure any defect in pleading. The Martins also contend the trial court erred by granting the plea in abatement because they did not seek to attack the prior judgment, but only sought to clarify their rights under it. The Martins' unusual use of a declaratory judgment suit to clarify their property rights under a previous judgment and Dosohs' unusual use of a plea in abatement to challenge the declaratory judgment suit complicate this court's review of the propriety of the trial court's dismissal.

■ The purpose of the Uniform Declaratory Judgment Act is to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations. *Beadle v. Bonham State Bank,* 880 S.W.2d 160, 162, (Tex.App.—Texarkana 1994), *aff'd in part and rev'd in part on other grounds,* 907 S.W.2d 465

(Tex.1995). The Act does not confer jurisdiction on the trial court, but rather, makes available the remedy of a declaratory judgment for a cause of action already within the court's jurisdiction. *State v. Morales,* 869 S.W.2d 941, 947 (Tex.1994); *Kennesaw Life & Acc. Ins. Co. v. Goss,* 694 S.W.2d 115, 118 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.). Therefore, a declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought. *Bonham State Bank v. Beadle,* 907 S.W.2d 465, 467 (Tex.1995); *Texas Ass'n of Business v. Texas Air Control Bd.,* 852 S.W.2d 440, 446 (Tex.1993). The trial court may not grant declaratory relief unless the judgment will determine the controversy between the parties; otherwise, the court's judgment will constitute no more than an impermissible advisory opinion. *Southwest Airlines Co. v. Texas High–Speed Rail Auth.,* 863 S.W.2d 123, 125 (Tex.App.—Austin 1993, writ denied).

■ A justiciable controversy does not presently exist between the Martins and Dosohs. The Martins seek only to clarify their rights under an existing judgment. It is well settled that declaratory relief is not appropriate to attack or modify a prior judgment. *Beadle v. Bonham State Bank,* 880 S.W.2d at 162. However, there is a split of authority in the nation over the issue whether declaratory relief is appropriate for interpreting previous judgments. *See id.* In Texas, courts generally follow the rule that "[a] litigant cannot use the Declaratory Judgment Act to seek a judicial interpretation of a prior judgment." *Cohen v. Cohen,* 632 S.W.2d 172, 173 (Tex. App.—Waco 1982, no writ); *Speaker v. Lawler,* 463 S.W.2d 741, 742 (Tex.Civ. App.—Beaumont 1971, writ ref'd n.r.e.); *see also District Judges of Collin Cty. v. Comm'rs Court of Collin Cty.,* 677 S.W.2d 743, 745 (Tex.App.—Dallas 1984, writ ref'd n.r.e.); *but see Beadle v. Bonham State Bank,* 880 S.W.2d at 162 (holding, in dicta, that interpretation of a previous judgment

may be the subject of declaratory judgment suit), *aff'd in part and rev'd in part on other grounds*, 907 S.W.2d at 468. Texas courts following this general rule hold that the use of a declaratory judgment suit to interpret a judgment of the same or another court is an impermissible collateral attack on the previous judgment. *See Cohen*, 632 S.W.2d at 173; *Speaker*, 463 S.W.2d at 742.

We follow the majority in Texas and hold that declaratory relief is an inappropriate vehicle for interpreting previous judgments. Otherwise, such procedure would permit a new method of review of a prior judgment, and a party would be allowed declaratory relief without the existence of a justiciable controversy already within the court's jurisdiction, resulting in an impermissible advisory opinion. *See Southwest Airlines Co.*, 863 S.W.2d at 125; *Speaker*, 463 S.W.2d at 742–43. Consequently, the Martins' use of a declaratory judgment suit was inappropriate to seek interpretation of another court's prior order and constituted an impermissible collateral attack on the court's previous partition order.

However, Dosohs' plea in abatement used to challenge the Martins' use of declaratory relief, was also improper. Generally, a defendant uses a plea in abatement to challenge the plaintiffs' pleadings by asserting that facts outside the pleadings prevent the suit from going forward in its present condition. *See Texas Highway Dept. v. Jarrell*, 418 S.W.2d 486, 488 (Tex.1967). In the plea, the defendant must identify some impediment to the continuation of the suit, identify an effective cure, and must ask the court to abate the suit until the plaintiff corrects the defect. *Id.* By granting the plea, the trial court gives the plaintiff an opportunity to cure the defect. *Id.* If the plaintiff fails to cure the defect, the trial court will dismiss the suit without prejudice. *Id.* The use of a plea in abatement to dispose finally of litigation is not to be encouraged. *Harper v. Welchem*, 799 S.W.2d 492, 495 (Tex.App.—Houston [14th Dist.]1990, no writ). Accordingly, a court should not dismiss a lawsuit immediately after granting a plea in abatement without giving the plaintiff an opportunity to amend the attacked pleadings. *Lighthouse Church, et al. v. Texas Bank*, 889 S.W.2d 595, 600 (Tex.App.—Houston [14th Dist.1994, writ denied); *Polk v. Braddock*, 864 S.W.2d 78, 80 (Tex.App.—Dallas 1992, no writ).

By definition, Dosohs' plea in abatement was defective because it (1) did not assert a curable defect in the Martins' pleading which precluded continuation of the suit;(2) did not identify an effective cure for any alleged defect; and (3) requested only dismissal of the cause, not suspension of the proceeding. *See id.* Dosohs' assertion of impermissible collateral attack was more in line with a plea in bar, which reaches the merits of the case and the plaintiff's ultimate right to recover. *See Kelley v. Bluff Creek Oil Co.*, 158 Tex. 180, 309 S.W.2d 208, 214 (1958). Because a plea in bar challenges the plaintiff's right to recover and reaches the merits of a case, the matter is typically disposed of following a trial, not in a preliminary hearing. *Id.* If a plea in bar is sustained, a take-nothing judgment finally disposing of the controversy will be entered for the defendant. *Id.; Jarrell*, 418 S.W.2d at 488. Thus, while a plea in abatement places a hold on a case, a plea in bar disposes of it.

The practice of misnaming a plea in bar to procure a preliminary hearing to dispose of a case is also discouraged. *Kelley*, 309 S.W.2d at 214–15. However, a speedy and final judgment may be obtained on the basis of matters in bar and without formality of trial on merits, if the parties so agree or if summary judgment procedure is utilized. *Kelley*, 309 S.W.2d at 214–15; *Walker v. Sharpe*, 807 S.W.2d 442, 446–47 & n. 2 (Tex.App.—Corpus Christi 1991, no writ). In the event summary judgment procedure is not utilized when a plea in bar is asserted, the review-

ing court may treat a pretrial dismissal with prejudice as a summary judgment because such dismissal has the same effect as entry of a take-nothing judgment. *Walker,* 807 S.W.2d at 447. In such case, the reviewing court will review the record as if summary judgment was granted to determine whether the movant satisfied the notice requirements and his burden of proof under Texas Rule of Civil Procedure 166a. *See id.*

 However, an exception to the general rule that dismissal of a suit is improper in a pretrial hearing exists. *See Provident Life & Acc. Ins. Co. v. Hazlitt,* 147 Tex. 426, 216 S.W.2d 805, 806–07 (1949); *Unitrust, Inc. v. Jet Fleet Corp.,* 673 S.W.2d 619, 623 (Tex.App.—Dallas 1984); *Ellis v. Woods,* 453 S.W.2d 509, 510 (Tex.Civ.App.—El Paso 1970, no writ). Dismissal at pre-trial is allowed in limited situations when determination of a legal question is dispositive of a case in its entirety. *See Provident Life & Acc. Ins.,* 216 S.W.2d at 806–07; *Unitrust,* 673 S.W.2d at 623; *Ellis,* 453 S.W.2d at 510. In this limited circumstance, the court may dismiss a case following a pre-trial hearing; however, such procedure is not favored. *See Unitrust,* 673 S.W.2d at 623.

This exception to the general rule was presumably utilized by the court in *Cohen,* a similar case in which the defendant filed a plea in abatement to challenge the plaintiff's use of a declaratory judgment suit to interpret a previous judgment. *See Cohen,* 632 S.W.2d at 173–74. The Waco Court of Appeals determined that the defendant's plea in abatement was a plea in bar and simply affirmed the trial court's dismissal of the action based on its holding that declaratory judgment action may not be used to interpret a previous judgment. *See id.* at 173.

In the present case, the preferred method of disposition for Dosohs would have been the summary judgment procedure. *See Unitrust,* 673 S.W.2d at 623. However, the determination of the sole legal question whether declaratory relief was appropriate was dispositive of the case in its entirety. The trial court's apparent conclusion that such relief was not available required dismissal of the suit. Therefore, we follow the Waco Court and the limited exception to the general rule that such dismissal is improper and hold that the trial court did not err by granting Dosohs' plea in bar (denominated a plea in abatement) and dismissing the suit. We overrule the Martins' point of error.