MEMORANDUM OPINION




No. 04-06-00458-CV



Kristine ARLITT,


Appellant



v.



Graham WESTON, Individually and d/b/a 


Sonesta Holdings, Inc. and PILF Investments, Inc.,


Appellees



From the 408th Judicial District Court, Bexar County, Texas 


Trial Court No. 2005-CI-17511


Honorable Rene Diaz, Judge Presiding



Opinion by: Steven C. Hilbig, Justice


Sitting: Catherine Stone, Justice

 Karen Angelini, Justice

 Steven C. Hilbig, Justice


Delivered and Filed: June 6, 2007


AFFIRMED 

 Kristine Arlitt appeals the trial court's summary judgment in favor of Graham Weston,
individually and doing business as Sonesta Holdings, and PILF Investments, Inc. in Arlitt's action
to declare a prior judgment against her satisfied. We affirm.

Factual and Procedural Background


 In 1989, Arlitt and her ex-husband, Elwood Cluck, purchased real property on Mandalay
Drive in San Antonio and executed a promissory note and a deed of trust securing the note. In 1994,
the IRS seized the Mandalay property to satisfy Arlitt's and Cluck's outstanding tax obligations.
PILF Investments, Inc. purchased the property at the subsequent tax sale for the amount of the
outstanding taxes and received a quitclaim deed conveying all of Arlitt's and Cluck's interests in the
property. At that time PILF was a Texas corporation operated by Graham Weston, Cluck's son-in-law. Because Arlitt and Cluck had defaulted on the note before the IRS seized the property, another
one of Weston's corporations, Sonesta, Inc., purchased the note in order to avoid losing the property
through foreclosure.

 In 1996, during Arlitt's and Cluck's divorce proceedings, Arlitt sued Cluck, Weston, PILF,
Sonesta, and others for a declaratory judgment to declare title to the Mandalay property, for an
injunction to preclude Sonesta from foreclosing on the property, and for damages. Among the many
counter and cross claims filed was Sonesta's claim against Arlitt and Cluck for the outstanding
amount due on the note. The court rejected Arlitt's argument that Sonesta was required to foreclose
before suing on the note. The trial court signed a final judgment in October 1997, decreeing that
PILF held legal title to the Mandalay property and that Arlitt take nothing by her claims. The trial
court rendered judgment against Arlitt and Cluck, jointly and severally, for $82,157.41, the principal
amount due on the note, and $23,749.60 in prejudgment interest. The court also awarded to Sonesta
$5,822.44, which Arlitt had deposited into the registry of the court for 1995 property taxes. (1) On
appeal, this court reversed the $5,822.44 property tax award, but otherwise affirmed the judgment
in favor of Sonesta on the note and in favor of PILF regarding title to the property. Arlitt v. Weston,
No. 04-98-00035-CV, No. 1999 WL 1097101 (Tex. App.-San Antonio Dec. 1, 1999, pet. denied)
(not designated for publication). Sonesta has since credited the judgment against Arlitt in the amount
of $5,822.44, but has not received any other payments on the judgment from Arlitt. 

 Arlitt filed this suit in 2005 seeking a declaration that the 1997 judgment against her has been
satisfied and damages for appellees' refusal to release the judgment. Appellees filed a motion for
summary judgment, arguing that Arlitt's suit was an impermissible collateral attack on the 1997
judgment and barred by res judicata. Arlitt moved for a continuance to enable her to conduct
discovery and filed a cross-motion for summary judgment. The trial court denied the motion for
continuance, denied Arlitt's motion for summary judgment, granted appellees' motion, and rendered
judgment denying all relief Arlitt requested. 

 Arlitt appeals, arguing her suit is not a collateral attack on the 1997 judgment, is not barred
by res judicata, and she was entitled to summary judgment. She prays that we render judgment
declaring that the judgment against her has been satisfied or remand to allow her to conduct
discovery. 

Discussion


 "[A] declaratory judgment is appropriate only if a justiciable controversy exists as to the
rights and status of the parties and the controversy will be resolved by the declaration sought."
Martin v. Dosohs I, Ltd., 2 S.W.3d 350, 353 (Tex. App.-San Antonio 1999, pet. denied). Declaratory
relief is not appropriate to collaterally attack, modify, or interpret a prior judgment. Id. at 354.
"Collateral attacks on final judgments are generally disallowed because it is the policy of the law to
give finality to the judgments of the courts." Browning v. Prostock, 165 S.W.3d 336, 345 (Tex.
2005). "A collateral attack is an attempt to avoid the binding force of a judgment in a proceeding not
instituted for the purpose of correcting, modifying, or vacating the judgment, but in order to obtain
some specific relief which the judgment currently stands as a bar against." Id. 165 S.W.3d at 346.
"Only a void judgment may be collaterally attacked." Id. Arlitt does not contend the 1997 judgment
is void; therefore any collateral attack is improper.

 In this action, Arlitt alleges "PILF, Sonesta and Weston are alter egos of each other," that
Weston has received rental income and proceeds from the sale of the Mandalay property far in excess
of the amount of the judgment, and that when the property was sold to a third party, Sonesta released
the lien created by Arlitt's deed of trust, reciting that the note had been paid. Arlitt posits two
theories in support of her contention the judgment against her has been satisfied. First, she contends
she is entitled to an offset or credit against the judgment for all income appellees have derived from
the property, and because this amount exceeds the amount of the judgment, the judgment has been
satisfied. Second, Arlitt contends the judgment "was simply an affirmation of [Arlitt's] obligations
under the terms of the Mortgage Note and therefore survived only as long as a debt existed under the
Mortgage Note;" thus when Sonesta released the property from the lien, reciting the note had been
paid, Arlitt's liability on the judgment was extinguished. 

 By virtue of the 1997 judgment, PILF owned the Mandalay property and Arlitt's liability on
the note was extinguished and replaced by a money judgment. See Lichtenstein v. F&M Nat'l Bank
of Kaufman, 372 S.W.2d 716, 717 (Tex. Civ App.-Dallas 1963, no writ) (holding that promissory
notes as written obligations lost their identity when reduced to judgment and judgment became new
and distinct obligation). Even if, as Arlitt contends, Weston, PILF, and Sonesta are one and the
same, (2) the effect of the 1997 judgment was to give Weston the right to receive proceeds from renting
the Mandalay property, release the mortgage lien, sell the property and retain the profit, and collect
the judgment against Arlitt. Arlitt's argument that Weston should not be so entitled is nothing more
than an impermissible collateral attack on the 1997 judgment. See Browning, 165 S.W.3d at 350;
Lannie v. Emmons & Jackson, P.C., No. 01-05-01170-CV, 2006 WL 2042533, *2-3 (Tex.
App.-Houston [1st Dist.] Jul. 20, 2006, pet. denied). Any theory under which Weston or his
companies would have been precluded from both retaining the benefits of owning the property and
collecting the amount due on the note it held should have been raised and litigated in the prior
litigation. See Barr v. Resolution Trust Corp., 837 S.W.2d 627, 631 (Tex. 1992) (affirming
transactional approach to res judicata and holding that subsequent claim that arises out of same
subject matter as previous suit and which through diligence could have been litigated in previous suit
is barred). Likewise, any claim that Arlitt would retain an interest in income or proceeds from the
Mandalay property after judgment would had to have been raised in the earlier suit. Id. Because
appellees established there is no genuine issue as to any material fact and that they were entitled to
judgment as a matter of law, the trial court did not err in granting their motion for summary
judgment. See Tex. R. Civ. P. 166a(c); Browning, 165 S.W.3d at 344.

 In her last issue Arlitt argues the trial court erred in denying her motion for continuance so
she could conduct discovery to establish the amount of money appellees received in rental income
and sale proceeds from the Mandalay property and that Weston, Sonesta, and PILF are alter egos of
each other. Because such evidence would not affect appellees' entitlement to summary judgment,
the trial court did not abuse its discretion in denying the motion.

 The trial court's judgment is affirmed.



 Steven C. Hilbig, Justice



1. The 1997 judgment also disposed of numerous other claims that are not relevant to this appeal.
2. Although alleged in Arlitt's petition, this issue was not litigated in the trial court and we do not express any
opinion on it.