# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00171-CV

Texas Department of Insurance, Division of Workers' Compensation, Appellant

v.

The Insurance Company of the State of Pennsylvania, Appellee

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
## NO. D-1-GN-04-003939, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

I respectfully dissent from the majority's opinion because I believe we should dismiss this cause for lack of jurisdiction.

"Declaratory relief is not available for the interpretation of a prior judgment." *Rapid Settlements, Ltd. v. SSC Settlements, LLC*, 251 S.W.3d 129, 140 (Tex. App.—Tyler 2008, no pet.). While one Texas appellate court has disagreed with this notion, *see Beadle v. Bonham State Bank*, 880 S.W.2d 160, 162 (Tex. App.—Texarkana 1994), *aff'd in part and rev'd in part on other grounds*, 907 S.W.2d 465 (Tex. 1995), "the majority [of Texas courts] hold that declaratory relief is an inappropriate vehicle for interpreting previous judgments." *Martin v. Dosohs I Ltd.*, 2 S.W.3d 350, 354 (Tex. App.—San Antonio 1999, no pet.) (citing *Cohen v. Cohen*, 632 S.W.2d 172, 173 (Tex. App.—Waco 1982, no writ); *Speaker v. Lawler*, 463 S.W.2d 741, 742 (Tex. Civ. App.—Beaumont 1971, writ ref'd n.r.e.); and *District Judges of Collin Cty. v. Comm'rs Court of*

*Collin Cty.*, 677 S.W.2d 743, 745 (Tex. App.—Dallas 1984, writ ref'd n.r.e.)). *See also Lawler v. Neathery*, 509 S.W.2d 453, 455 (Tex. Civ. App.—Amarillo 1974, no writ) (declaratory relief cannot be used to interpret prior judgments); *Zale Corp. v. E. I. Du Pont de Nemours & Co.*, 494 S.W.2d 229, 235 (Tex. Civ. App.—Dallas 1973, no writ) (same); *Oji v. State Bar of Texas*, No. 14-01-00434-CV, 2001 Tex. App. LEXIS 7562, at *6 (Tex. App.—Houston [14th Dist.] Nov. 8, 2001, pet. denied) (not designated for publication) (citing *Martin*, 2 S.W.3d at 354, and *Cohen*, 632 S.W.2d at 173, for proposition that collateral attacks cannot be used to interpret prior judgments).

Our previous holdings are consistent with the majority rule. *See Vista Health Plan, Inc. v. Texas Health & Human Servs. Comm'n*, No. 03-03-00216-CV, 2004 Tex. App. LEXIS 4529, at *21-25 (Tex. App.—Austin May 20, 2004, pet. denied) (mem. op.) (trial court lacked jurisdiction over declaratory-relief claim raised after judgment was entered). As several courts have noted, the rule is necessary to prevent impermissible advisory opinions. *See, e.g.*, *Martin*, 2 S.W.3d at 354.

ICSP's declaratory-relief action seeks an interpretation of the November 15, 2000 judgment. Specifically, it asks the court to interpret the judgment as "final," as supporting the application of Labor Code section 410.209, and as precluding the application of Labor Code section 410.258. Thus, ICSP's declaratory-relief action is impermissible.

Put another way, ICSP sought, in its own words, "[a] declaration that [ICSP] is entitled to reimbursement of all overpayments of benefits made to the Claimant under the order of [the Department] because the order of [the Department] was reversed by a final order of a court." This is plainly a request for a declaration as to the effect of that court order. Parties are "not

2

entitled to declaratory relief concerning the effect of . . . [final] orders." *Rapid Settlements*, 251 S.W.3d at 141.

The rule against using declaratory-relief actions to interpret previous judgments is not just prudential; it is jurisdictional. *See Goldberg v. Comm'n for Lawyer Discipline*, 265 S.W.3d 568, 578 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (trial court lacked jurisdiction over declaratory-relief claim that sought interpretation of discharge-dismissal order); *Sealy RG Valley Bldgs., L.P. v. Griffin*, No. 13-07-598-CV, 2008 Tex. App. LEXIS 6517, at * 5 (Tex. App.—Corpus Christi Aug. 26, 2008, no pet.) (mem. op.) (district court lacked jurisdiction over declaratory-relief action that sought interpretation of earlier county-court judgment); *Vista Health Plan*, 2004 Tex. App. LEXIS 4529, at *25 (trial court properly refused to exercise jurisdiction over declaratory-relief claim filed after judgment was entered). *See also Chenault v. Phillips*, 914 S.W.2d 140, 141 (Tex. 1996) (declaratory relief available only if court already has subject-matter jurisdiction over case, because filing action for declaratory relief does not expand court's jurisdiction). Thus, we should recognize its applicability sua sponte, *see Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 445-46 (Tex. 1993) (appellate court may sua sponte raise issues that implicate subject matter jurisdiction), and use it as a basis for reversing the trial court's summary judgment and dismissing the cause. *See City of Garland v. Louton*, 691 S.W.2d 603, 605 (Tex 1985) (per curiam) ("If the trial court lacks subject matter jurisdiction, the appellate court can make no order other than reversing the judgment of the court below and dismissing the cause.").

The majority ignores these principles and instead reaches the merits of ICSP's declaratory-relief claim. Doing so plainly requires interpreting the November 15, 2000 judgment.

3

Indeed, this whole case hinges on whether or not the November 15, 2000 judgment is "final." Answering that question is by definition an act of interpretation.

The majority tries to sidestep this issue by claiming that this case really "turns on construction of statutes . . . and not construction of the 2000 judgment, per se." *Texas Dep't of Ins., Div. of Workers' Comp. v. Insurance Co. of State of Pa.*, No. 03-07-00171-CV, slip op. at 9 (Tex. App.—Austin Feb. 12, 2010). But the majority belies this claim when it acknowledges that "the existence, content, and finality of the 2000 judgment are among the elements that ICSP must prove to recover." *Id*. at 8. Having acknowledged this, the majority offers no authority for the proposition that courts may issue declaratory judgments that interpret prior final judgments so long as they happen to interpret statutes as well. Indeed, the majority acknowledges that the Uniform Declaratory Judgments Act, "when authorizing courts to declare parties' rights under statutes, ordinances, contracts, etc., did not include 'judgments' among the instruments that courts may construe." *Id*. at 7 (citing *Speaker*, 463 S.W.2d at 742).

These are not merely abstract musings; the declaratory judgment that actually issued in this case demonstrates that a court cannot avoid interpreting the 2000 judgment in addressing ICSP's claim for relief. The judgment reads in part: "the Court found that the judgment signed by the 193rd Judicial District Court in Dallas County on November 15, 2000 . . . is a final judgment." To "find" that a judgment is "final" is, I believe, to engage in a paradigmatic act of interpretation.

The trial court should have dismissed ICSP's suit because trial courts lack jurisdiction over declaratory-relief claims that seek to interpret previous judgments. I believe that we compound the trial court's error by entertaining this appeal. I therefore respectfully dissent.

4

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Pemberton

Filed:   February 12, 2010