**RAPID SETTLEMENTS, LTD. and Rapid Management Corporation, Appellants,**

v.

**SSC SETTLEMENTS, LLC and Stone Street Capital, Appellees.**

**In re Rapid Settlements, Ltd. and Rapid Management Corporation, Relators.**

Nos. 12–06–00058–CV, 12–06–00334–CV.

Court of Appeals of Texas, Tyler.

Feb. 21, 2008.

Rehearing Overruled April 25 and May 14, 2008.

Joseph K. Watts, Spring, Susan F. Hatcher, Houston, for Appellants in No. 12-06-00058-CV.

Susan F. Hatcher, Stan F. Nelson, and Stewart A. Feldman, Houston, for Relator in No. 12-06-00334-CV.

G. Timothy Boswell, pro se in No. 12-06-00334-CV.

Earl S. Nesbitt and William P. Prante, pro se in Nos. 12-06-00058-CV and 12-06-00334-CV.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

## OPINION

JAMES T. WORTHEN, Chief Justice.

Rapid Settlements, Ltd. and Rapid Management Corporation (collectively "Rapid") filed a parallel appeal and mandamus proceeding challenging a final summary judgment entered in favor of SSC Settlements, L.L.C. and Stone Street Capital, Inc. (collectively "SSC").[1] We deny the petition for writ of mandamus. We further vacate the trial court's order denying Rapid's Amended Motion to Stay Litigation Pending Arbitration. Finally, we affirm in part the trial court's judgment on the remaining claims and reverse and render in part.

### BACKGROUND

In October 1990, William Prante settled a personal injury claim prosecuted in Dawes County, Nebraska. Pursuant to a structured settlement agreement, Metropolitan Life Insurance Company ("MetLife") was obligated to make periodic payments to Prante. That same year, Metlife Security Insurance Company ("Metlife Security") issued an annuity contract naming Prante as annuitant.

---

1. The trial court's final summary judgment includes an order granting permanent injunctive relief against Rapid as well as its order denying Rapid's amended motion to stay litigation pending arbitration.

On December 1, 2004, Prante entered into a transfer agreement with Rapid to sell a portion of the future periodic payments to Rapid. The Rapid–Prante transfer agreement contained a provision purportedly entitling Rapid to a right of first refusal and security interest for any future transfers of Prante's periodic payments. The Rapid–Prante agreement further contained an arbitration clause that stated, in pertinent part, as follows:

*Choice of Law; Arbitration; Waiver of Jury Trial.* This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Texas. Any dispute or disagreement arising under this Agreement of any nature whatsoever including but not limited to those sounding in constitutional, statutory, or common law theories as to the performance of any obligations, the satisfaction of any rights, and/or the enforceability hereof, shall be resolved through demand by any interested party to arbitrate the dispute and shall submit the same to a nationally recognized, neutral, arbitration association for resolution pursuant to its single arbitrator, expedited rules.

The Rapid–Prante transfer was approved by an order dated January 21, 2005.[2]

On March 22, 2005, Prante entered into an agreement with SSC, whereby he agreed to sell to SSC a different portion of the future periodic payments. Prante did not give Rapid notice of this transaction pursuant to the right of first refusal provision in the Rapid–Prante agreement. The SSC–Prante agreement was filed with the trial court and subsequently approved by an order dated June 13, 2005.

On August 13, 2005, Rapid made a demand for arbitration, in which it sought an order and judgment against Prante and a turnover/garnishment of the future payments described in the SSC–Prante transfer order. Rapid also made a claim against SSC for tortious interference with the Rapid–Prante contract. Rapid's demand for arbitration was served on both Prante and SSC. The demand included notice of a preliminary scheduling conference for September 9, 2005.

On September 12, 2005, SSC filed suit in Wood County, Texas against Rapid, Prante, MetLife, and Metlife Security. By its lawsuit, SSC sought an injunction precluding Rapid from pursuing any arbitration relative to the matters in dispute in the case and a declaratory judgment as follows:

SSC seeks a declaratory judgment in this case that the SSC–Prante order is effective and enforceable as to all parties, notwithstanding Rapid's allegation that the prior Rapid–Prante order precluded or prohibited the transaction reflected and approved in the SSC–Prante order from having effect.

SSC seeks a declaratory judgment that the security interest/right of first refusal claimed by Rapid relative to the Periodic Payments transferred and assigned to SSC by way of the SSC–Prante Order is ineffective and unenforceable as to SSC and has no impact or effect on the transaction approved in the SSC–Prante Order. Because of Rapid's failure to comply with the Texas Transfer Statute in connection with the

---

**2.** *See* Tex. Civ. Prac. & Rem.Code Ann. § 141.004 (Vernon 2005). The trial court's order approving the Rapid–Prante transfer made no reference to the provision regarding Rapid's right of first refusal as to future payments or an agreement that Rapid have a security interest in such payments. However, the Rapid–Prante agreement containing such provisions was attached to and incorporated within the Application for Approval of a Transfer of Structured Settlement Payment Rights filed in the trial court.

purported right of first refusal and security interest, Rapid's claims relative to the right of first refusal and security interest are ineffective and unenforceable. It should be noted that SSC is not seeking a declaration that the Rapid–Prante Order is void, ineffective or unenforceable, *only* that said order and the transaction approved therein was ineffective to, and did not and does not, vest in Rapid a security interest in the Periodic Payments transferred and assigned to SSC in the SSC–Prante Order and also did not create in favor of Rapid any rights under the purported right of first refusal.

The trial court thereafter granted a temporary restraining order in SSC's favor. On September 23, 2005, the trial court granted a temporary injunction in SSC's favor. On October 6, 2005, Rapid filed its Amended Motion to Stay Litigation Pending Arbitration, to which SSC responded. On December 30, 2005, SSC filed a motion for summary judgment, to which Rapid responded.

The trial court considered Rapid's amended motion to stay jointly with SSC's motion for summary judgment at a hearing conducted on February 2, 2006. Following the hearing, the trial court denied Rapid's amended motion to stay and granted SSC's motion for summary judgment. The trial court signed a final summary judgment on March 20, 2006.[3] Thereafter, Rapid filed a direct appeal and a parallel mandamus proceeding complaining of the trial court's final summary judgment entered in favor of SSC. We consolidate the two proceedings for purposes of this opinion and dispose of them simultaneously.

*AVAILABILITY OF MANDAMUS*

■ Mandamus will issue to correct a clear abuse of discretion where there is no adequate remedy by appeal. *In re Cerberus Capital Mgmt., L.P.,* 164 S.W.3d 379, 382 (Tex.2005); *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992).

■ We initially consider whether Rapid had an adequate remedy at law to address the trial court's final summary judgment. An appellate remedy is "adequate" when any benefits to mandamus review are outweighed by the detriments. *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 136 (Tex.2004). This determination depends heavily on the circumstances presented and is better guided by general principles than by simple rules. *Id.* at 137. The relator has the burden of showing that the trial court abused its discretion and that appeal is an inadequate remedy. *See In re E. Tex. Med. Ctr. Athens,* 154 S.W.3d 933, 935 (Tex.App.-Tyler 2005, orig. proceeding).

■ We recognize that a party seeking relief from an order that amounts to a denial of arbitration sought under the Federal Arbitration Act ("FAA")[4] typically has no adequate remedy by appeal and is entitled to mandamus relief to correct a clear abuse of discretion. *See Feldman/Matz Interests, L.L.P. v. Settlement Capital Corp.,* 140 S.W.3d 879, 883 (Tex. App.-Houston [14th Dist.] 2004, orig. proceeding). Yet, we cannot overlook the fact that the trial court signed a final summary judgment in favor of SSC, which Rapid has appealed to this court. Thus, even assuming arguendo that the trial court abused its discretion in denying Rapid's motion to stay, any relief we might grant by mandamus would provide no benefit to Rapid as

---

**3.** *See* n. 1.

**4.** As set forth in greater detail herein, we have determined that the FAA applies in the instant case.

there are no proceedings currently pending before the trial court that could be stayed.

Moreover, there is likewise no benefit to mandamus relief with regard to Rapid's challenge to the trial court's final summary judgment. While appellate courts, including this one, have granted mandamus relief after final judgment, the circumstances in such cases were unusual. *See In re Royce Bane Investments, Inc.,* No. 12–07–00236–CV, 2008 WL 344422, at *1 (Tex.App.-Tyler Feb. 8, 2008, orig. proceeding) (mem.op.) (citing *Geary v. Peavy,* 878 S.W.2d 602, 603 (Tex.1994) (mandamus appropriate because of "unique and compelling circumstances" involving conflicting child custody orders despite the entry of a final order); *In re Home State County Mut. Ins. Co.,* No. 12–07–00062–CV, 2007 WL 1429584, at *3–4 (Tex.App.-Tyler May 16, 2007, orig. proceeding) (mem.op.) (mandamus requiring trial court to vacate severance order rendered final judgment interlocutory)). No similar unusual or compelling facts are presented here. Thus, since there is no benefit to the mandamus relief sought by Rapid, we hold that its appellate remedy is adequate. *See In re Prudential,* 148 S.W.3d at 136. We therefore deny Rapid's petition for writ of mandamus and review the trial court's summary judgment by appeal.

### STANDING

In its fifth subissue on appeal, Rapid argues that SSC lacks standing to seek a declaratory judgment against Rapid to determine if the security interest, right of first refusal, and arbitration provisions of the Rapid–Prante agreement are effective and enforceable and to enjoin Rapid from pursuing arbitration.

Standing is a component of subject matter jurisdiction and cannot be waived. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 445 (Tex. 1993). It is a constitutional prerequisite to maintaining a suit under both federal and Texas law. *Id.* at 444. Under Texas law, standing limits subject matter jurisdiction to cases involving a distinct injury to the plaintiff and "a real controversy between the parties, which ... will be actually determined by the judicial declaration sought." *Brown v. Todd,* 53 S.W.3d 297, 305 (Tex.2001) (quoting *Tex. Workers' Compensation Comm'n v. Garcia,* 893 S.W.2d 504, 517–18 (Tex.1995)). In reviewing standing on appeal where the trial court did not dismiss for want of jurisdiction, we construe the petition in favor of the party whose standing is being challenged, and if necessary, review the entire record to determine if any evidence supports standing. *See Texas Air Control Bd.,* 852 S.W.2d at 446.

A declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought. *Bonham State Bank v. Beadle,* 907 S.W.2d 465, 467 (Tex.1995). The Uniform Declaratory Judgment Act ("UDJA")[5] is "merely a procedural device for deciding cases already within a court's jurisdiction rather than a legislative enlargement of a court's power, permitting the rendition of advisory opinions." *Tex. Ass'n of Bus.,* 852 S.W.2d at 444.

### Proceeding to Determine Whether SSC is Bound by Arbitration Agreement

Although it was not pleaded in SSC's petition for declaratory judgment, SSC argued both in its request for injunctive relief and its motion for summary

---

5. *See generally,* Tex. Civ. Prac. & Rem.Code Ann. § 37.001–.011 (Vernon 1997 & Supp. 2007).

judgment that Rapid could not compel SSC to arbitrate the dispute.[6] Arbitration is a contractual proceeding by which the parties to a controversy, by consent, submit that controversy to arbitrators for a determination thereon. *See In re C.A.K.*, 155 S.W.3d 554, 559 (Tex.App.-San Antonio 2004, pet. denied). The determination as to whether an arbitration clause is enforceable, even as to a nonsignatory, is a matter of contractual interpretation. *Id.*[7] Thus, Rapid argues that SSC, which has steadfastly argued that it is a complete stranger to the Rapid–Prante agreement, cannot seek to have the trial court interpret the arbitration clause that is a part of that agreement.

 However, Texas Civil Practice and Remedies Code provides, "If there is a substantial bona fide dispute as to whether an agreement to arbitrate exists, the court shall try the issue promptly and summarily." TEX. CIV. PRAC. & REM.CODE ANN. § 171.023(b) (Vernon 2005). Section 171.023 further provides that the trial court can either stay the arbitration or order the parties to arbitrate depending on its findings in such a case. *See id.* § 171.023(c). In the instant case, since SSC argues that there is not an agreement to arbitrate to which it is bound, we conclude that it has properly sought relief pursuant to Section 171.023. Therefore, we hold that SSC has standing to seek a declaratory judgment pursuant to Section 171.023.

### Standing versus Availability of Relief

We next consider the matters SSC pleaded in its petition. Rapid argues that

the issue before the court is a simple breach of contract action by Rapid Settlements against Prante, which was pending in arbitration, and that SSC, who was not a party to the contract, has no standing to intervene. SSC argues that Rapid is attempting to use its contract with Prante to void the SSC–Prante transaction and substitute itself for SSC therein. SSC further notes that Rapid sent a demand for arbitration to SSC, in which it sought to void the transaction between SSC and Prante based on the Rapid–Prante agreement and further claimed that SSC was liable for tortious interference with the Rapid–Prante contract.

 The general rule is that only the parties to a contract have the right to complain of a breach thereof; and if they are satisfied with the disposition that has been made of it and all claims under it, a third person has no right to insist that it has been broken. *Grinnell v. Munson*, 137 S.W.3d 706, 712 (Tex.App.-San Antonio 2004, no pet.); *see also Boy Scouts of Am. v. Responsive Terminal Sys., Inc.*, 790 S.W.2d 738, 747 (Tex.App.-Dallas 1990, writ denied) (privity of contract is an essential element of recovery in contract actions). An exception to this rule is that a person who is not in privity to the written agreement may show that he is eligible to bring an action on the contract as a third party beneficiary. *Id.*

 In its petition, SSC sought a declaratory judgment as follows:

SSC seeks a declaratory judgment in this case that the SSC–Prante Order is

---

6. In its response to SSC's motion for summary judgment, Rapid made no objection to SSC's raising this argument.

7. *See also, e.g., Cappadonna Elec. Mgmt. v. Cameron County*, 180 S.W.3d 364, 370 (Tex. App.-Corpus Christi 2005, no pet.) (noting that there are six recognized theories that

may be used to bind nonsignatories to arbitration agreements: (1) incorporation by reference, (2) assumption, (3) agency, (4) alter ego, (5) equitable estoppel, and (6) third-party beneficiary) (citing *In re Kellogg, Brown & Root*, 166 S.W.3d 732, 739 (Tex.2005)).

effective and enforceable as to all parties, notwithstanding Rapid's allegation that the prior Rapid–Prante Order somehow precluded or prohibited the transaction reflected and approved in the SSC–Prante Order from having effect.

SSC seeks a declaratory judgment that the security interest/right of first refusal claimed by Rapid relative to the Periodic Payments transferred and assigned to SSC by way of the SSC–Prante Order is ineffective and unenforceable as to SSC and has no impact or effect on the transaction approved in the SSC–Prante Order. Because of Rapid's failure to comply with the Texas Transfer Statute in connection with the purported right of first refusal and security interest, Rapid's claims relative to the right of first refusal and security interest are ineffective and unenforceable. It should be noted that SSC is not seeking a declaration that the Rapid–Prante Order is void, ineffective, or unenforceable, *only* that said order and the transaction approved therein was ineffective to, and did not and does not, vest in Rapid a security interest in the Periodic Payments transferred and assigned to SSC in the SSC–Prante Order and also did not create in favor of Rapid any rights under the purported right of first refusal.

SSC crafted the declaration it sought in terms of its effect on the SSC–Prante order. While the Rapid–Prante Order incorporates the terms of the Rapid–Prante agreement, because SSC did not seek to have the trial court interpret the contract, its suit is not jurisdictionally barred by the rules governing contractual standing.

 However, it does not follow that SSC can necessarily seek a declaration concerning matters unrelated to whether it can be compelled to arbitrate.[8] Declaratory relief may be sought by a person "interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise...." Tex. Civ. Prac. & Rem.Code Ann. § 37.004(a) (Vernon Supp. 2007). Declaratory relief is not available for the interpretation of a prior judgment entered by that or any other court. *See Martin v. Dosohs I, Ltd., Inc.*, 2 S.W.3d 350, 353 (Tex.App.-San Antonio 1999, pet. denied). Moreover, collateral attacks[9] may be used only to set aside a judgment that is void or involves fundamental error. *See Barton*, 156 S.W.3d at 606. A judgment is void if it is shown that the court lacked jurisdiction (1) over a party or the property; (2) over the subject matter; (3) to enter a particular judgment; or (4) to act as a court. *Id.*

 The declaratory judgment SSC seeks concerns the interpretation of two orders-the Rapid–Prante order and the SSC–Prante order. These orders are final orders required in advance of the transfer of structured settlement payment rights. *See* Tex. Civ. Prac. & Rem.Code Ann.

---

**8.** *See* Tex.R.App. P. 38.1(e) (The statement of an issue or point will be treated as covering every subsidiary question that is fairly included.).

**9.** A collateral attack is any proceeding to avoid the effect of a judgment that does not meet all the requirements of a valid direct attack, i.e., a motion for new trial or a bill of review. *See Shackelford v. Barton*, 156

S.W.3d 604, 606 (Tex.App.-Tyler 2004, pet. denied). It is an attempt to avoid the binding force of a judgment in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment, but in order to obtain some specific relief that the judgment currently stands as a bar against. *See Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005).

§ 141.004 (Vernon 2005). A final judgment either (1) finally disposes of all remaining parties and claims based on the record in the case or (2) unequivocally expresses the trial court's intent to finally dispose of the case. *See Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 200 (Tex. 2001).

In the case at hand, the Rapid–Prante order states, "This Order finally disposes of all claims and all parties; all relief not specifically granted herein is DENIED." It further states, "This is a Final Judgment." The SSC–Prante order contains similar indicia of finality. Thus, we conclude that the Rapid–Prante order and SSC–Prante order are final judgments. As such, we hold that SSC was not entitled to seek a declaratory judgment interpreting these prior judgments entered by the trial court. *See Martin,* 2 S.W.3d at 353.

The Rapid–Prante order is further subject to the rules governing collateral attacks. As set forth above, collateral attacks may only be used to set aside a judgment that is void or involves fundamental error. *Barton,* 156 S.W.3d at 606. In the instant case, SSC specifically pleaded that it was not seeking a declaration that the Rapid–Prante order is void, ineffective, or unenforceable. Therefore, we hold that SSC's lawsuit, to the extent it seeks to obtain some specific relief that the Rapid–Prante order currently stands as a bar against, amounts to an impermissible collateral attack.

We have held that SSC had standing to bring the declaratory judgment action. However, we have also held that SSC was not entitled to declaratory relief concerning the effect of the Rapid–Prante and SSC–Prante orders. Therefore, we overrule Rapid's fifth subissue as it pertains to SSC's standing and sustain it inasmuch as it relates to SSC's improperly seeking declaratory relief concerning the effect of the Rapid–Prante and SSC–Prante orders.

### APPEAL

In its sole issue on appeal, Rapid argues that the trial court erred in granting SSC's *Motion for Summary Judgment* and denying Rapid's *Motion to Stay Litigation Pending Arbitration.* Rapid's sole issue consists of six subissues.

### *Applicable Law*

■ A trial court's order denying arbitration, if based upon the Texas Arbitration Act,[10] is subject to interlocutory appeal. *Id.* at § 171.098(a); *In re Nasr,* 50 S.W.3d 23, 25 (Tex.App.-Beaumont 2001, orig. proceeding). However, relief from a denial of arbitration sought under the FAA must be pursued by mandamus. *See EZ Pawn Corp. v. Mancias,* 934 S.W.2d 87, 91 (Tex.1996). Similarly, a trial court's refusal to stay proceedings under the FAA can be pursued by mandamus. *See Settlement Capital Corp.,* 140 S.W.3d at 888. The contractual arbitration clause in the instant case states that the agreement shall be "governed by and construed and enforced in accordance with the laws of the State of Texas," but does not specifically invoke either the Texas Arbitration Act or the FAA. The trial court made no ruling on which Act applies. However, in its motion to stay litigation and compel arbitration, Rapid Settlements argued that the matter was governed by the FAA.

■ The FAA governs a written arbitration clause in a contract "evidencing a transaction involving commerce...." 9 U.S.C.A. § 2. This provision extends to any transaction affecting commerce and is coextensive with the reach of the Commerce Clause of the United States Constitution. *Allied–Bruce Terminix Co. v.*

10. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 171.001–171.098 (Vernon 2005).

*Dobson,* 513 U.S. 265, 270–83, 115 S.Ct. 834, 838–44, 130 L.Ed.2d 753 (1995); *see In re L & L Kempwood Assocs.,* 9 S.W.3d 125, 127 (Tex.1999). A contract "evidenc[es] a transaction involving commerce" if it in fact turns out to involve interstate commerce. *Allied–Bruce,* 513 U.S. at 277–81, 115 S.Ct. at 841–43.

■■■■ Because federal law strongly favors arbitration, a presumption exists in favor of agreements to arbitrate under the FAA. *See Cantella & Co., Inc. v. Goodwin,* 924 S.W.2d 943, 944 (Tex.1996). However, a party seeking to compel arbitration must first establish its right to arbitrate under the FAA. *See Ikon Office Solutions, Inc. v. Eifert,* 2 S.W.3d 688, 696 (Tex.App.-Houston [14th Dist.] 1999, no pet.). If it does, and the opposing party does not defeat that right, the trial court is obliged to compel arbitration. *See EZ Pawn Corp.,* 934 S.W.2d at 91.

■■ In the instant case, Rapid Settlements is a Texas limited partnership with its principal place of business in Houston, Texas. Rapid Management Corporation, the corporate general partner of Rapid Settlements, is a Texas corporation with its principal place of business in Houston, Texas. Prante is a Texas resident. The transfer agreement at issue was executed in Texas. Nonetheless, the annuity that is the subject of the transfer agreement is paid by MetLife, which has its principal place of business in New York, New York. Moreover, Prante became entitled to the annuity payments at issue in connection with the settlement of a tort claim he prosecuted in Dawes County, Nebraska.

■■ We note that the FAA does not require a substantial effect on interstate commerce; rather, it requires only that commerce be involved or affected. *See Kempwood,* 9 S.W.3d at 127. Therefore, if some, but not all, aspects of a transaction affect interstate commerce, the FAA applies. *See e.g., Palm Harbor Homes, Inc. v. McCoy,* 944 S.W.2d 716, 720 (Tex.App.-Fort Worth 1997, orig. proceeding) (purchase of mobile home manufactured and delivered in Texas affected interstate commerce where mobile home included components purchased or manufactured in other states and countries and where Florida manufacturer operated facilities in other states and was bonded by New York insurance company). Thus, since the source of the annuity payments has its principal place of business outside of Texas, we conclude that the FAA applies.

### Denial of Amended Motion to Stay

■■ We first address Rapid's first and fourth subissues, which concern whether the trial court erred in denying Rapid's Amended Motion to Stay Litigation Pending Arbitration. Section 3 of the FAA, entitled "Stay of proceedings where issue therein referable to arbitration," provides as follows:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement,* providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added). Under Section 3, the stay is not dependent on a party's submission of the dispute to an arbitration association. *See Settlement Capital Corp.,* 140 S.W.3d at 888. Thus, the trial court was required to grant Rap-

id's motion to stay litigation if (1) a written arbitration agreement existed and (2) any issue involved in the litigation was referable to arbitration under the agreement. *See* 9 U.S.C. § 3.

 Under the FAA, state law governs whether a litigant agreed to arbitrate, and federal law governs the scope of an arbitration clause. *See In re Weekley Homes, L.P.*, 180 S.W.3d 127, 130–31 (Tex. 2005). Whether an enforceable agreement to arbitrate exists is a legal question subject to de novo review. *In re Kellogg Brown & Root*, 80 S.W.3d 611, 615 (Tex. App.-Houston [1st Dist.] 2002, orig. proceeding). No particular form of arbitration agreement is required, as long as it is the parties' clear intention to submit to arbitration. *See Wachovia Securities, LLC v. Emery*, 186 S.W.3d 107, 113 (Tex. App.-Houston [1st Dist.] 2005, orig. proceeding).

 Under both the TAA and the FAA, a party seeking to compel arbitration has the initial burden to establish the arbitration agreement's existence and to show that the claims asserted fall within the agreement's scope. *Emery*, 186 S.W.3d at 113 (citing *In re Kellogg Brown & Root*, 80 S.W.3d at 615). If the party seeking arbitration carries its initial burden, the burden then shifts to the party resisting arbitration to present evidence on its defenses to the arbitration agreement. *See In re Oakwood Mobile Homes, Inc.*, 987 S.W.2d 571, 573 (Tex.1999), *abrogated in part on other grounds, In re Halliburton Co.*, 80 S.W.3d 566, 571–73 (Tex.2002). Section 3's mandatory stay also applies to nonsignatories to an arbitration agreement if (1) the arbitrated and litigated disputes involve the same operative facts, (2) the claims asserted in the arbitration and litigation are "inherently inseparable," and (3) the litigation has a "critical impact" on the arbitration. *See Waste Mgmt., Inc. v. Residuos Industriales Multiquim, S.A.*, 372 F.3d 339, 343 (5th Cir.2004). The question is not ultimately one of weighing potential harm to the interests of the nonsignatory, but of determining whether proceeding with litigation will destroy the signatories' right to a meaningful arbitration. *Id.*

### Existence of Arbitration Agreement

To support its amended motion to stay, Rapid relied on the arbitration clause found in the Rapid–Prante agreement, which provides as follows:

*Choice of Law; Arbitration; Waiver of Jury Trial.* This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Texas. Any dispute or disagreement arising under this Agreement of any nature whatsoever including but not limited to those sounding in constitutional, statutory, or common law theories as to the performance of any obligations, the satisfaction of any rights, and/or the enforceability hereof, shall be resolved through demand by any interested party to arbitrate the dispute and shall submit the same to a nationally recognized, neutral, arbitration association for resolution pursuant to its single arbitrator, expedited rules.

Though a party to this litigation, Prante did not dispute that this clause mandates arbitration as between him and Rapid, nor that he is a signatory to this contract. We conclude that Rapid presented a valid arbitration agreement as between it and Prante.

### Scope of Arbitration Agreement

 We next consider whether the factors necessary for invoking a stay as to SSC's claims—the similarity of operative facts, the inseparability of claims, and the effect of the litigation on the arbitration—

are present. The arbitration clause in the Rapid–Prante agreement requires arbitration of "[a]ny dispute or disagreement arising under this Agreement of any nature whatsoever including but not limited to those sounding in constitutional, statutory, or common law theories as to the performance of any obligations, the satisfaction of any rights, and/or the enforceability hereof." By its lawsuit, SSC sought a declaratory judgment as follows:

> SSC seeks a declaratory judgment in this case that the SSC–Prante order is effective and enforceable as to all parties, notwithstanding Rapid's allegation that the prior Rapid–Prante order precluded or prohibited the transaction reflected and approved in the SSC–Prante order from having effect.

> SSC seeks a declaratory judgment that the security interest/right of first refusal claimed by Rapid relative to the Periodic Payments transferred and assigned to SSC by way of the SSC–Prante Order is ineffective and unenforceable as to SSC and has no impact or effect on the transaction approved in the SSC–Prante Order. Because of Rapid's failure to comply with the Texas Transfer Statute in connection with the purported right of first refusal and security interest, Rapid's claims relative to the right of first refusal and security interest are ineffective and unenforceable. It should be noted that SSC is not seeking a declaration that the Rapid–Prante Order is void, ineffective or unenforceable, *only* that said order and the transaction approved therein was ineffective to, and did not and does not, vest in Rapid a security interest in the Periodic Payments transferred and assigned to SSC in the SSC–Prante Order and

also did not create in favor of Rapid any rights under the purported right of first refusal.

For the trial court to grant the declaratory relief sought by SSC, it necessarily had to determine whether the Rapid–Prante agreement in fact granted Rapid a right of first refusal and a security interest. Thus, the facts to be arbitrated are the very basis for the determination SSC sought in its lawsuit. These facts are likewise crucial to both the determination sought by SSC from the trial court and by Rapid through arbitration. The claims asserted by Rapid and SSC are, therefore, inherently inseparable from one another. Finally, because Rapid and SSC's respective issues are inseparable, the trial court's ruling on the issues brought by SSC does not merely create the risk of inconsistent results, but, in fact, usurped Rapid and Prante's right to a meaningful arbitration by deciding issues subject to arbitration in its final summary judgment. Considering these factors, we hold that the trial court erred in denying Rapid's amended motion to stay. We sustain Rapid's first subissue and sustain Rapid's fourth subissue in part,[11] both of which pertain to the trial court's denial of its Amended Motion to Stay Litigation Pending Arbitration.

### Summary Judgment

■ We review the trial court's order granting summary judgment de novo. *See Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 860 (Tex.2005). A party moving for summary judgment has the burden of showing no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *See* Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985); *see also*

---

**11.** We consider the remaining portion of Rapid's fourth subissue, which pertains to whether SSC should be compelled to arbitrate, in conjunction with our consideration of Rapid's third subissue.

*Sw. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex. 2002) (a movant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim). In deciding whether a disputed material fact issue exists, precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Nixon,* 690 S.W.2d at 548–49. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *Id.* Evidence is conclusive so as to negate an essential element of a cause of action only if reasonable people could not differ in their conclusions. *See City of Keller v. Wilson,* 168 S.W.3d 802, 816 (Tex.2005).

*Right of First Refusal and Security Interest Clauses of Rapid–Prante Order*

In its second subissue, Rapid argues that the trial court erred in entering a declaratory judgment that its right of first refusal and security interest clauses are unenforceable. As set forth above, we hold that such declaratory relief sought by SSC is improper. As such, SSC was not entitled to judgment as a matter of law. *See* Tex.R. Civ. P. 166a(c); *Nixon,* 690 S.W.2d at 548. Therefore, we hold that the trial court erred in granting a declaratory summary judgment interpreting Rapid's purported right of first refusal and security interest under the Rapid–Prante order. Rapid's second subissue is sustained.

*Attorney's Fees*

In its sixth subissue, Rapid argues that the trial court erred in granting attorney's fees in favor of SSC. Specifically, Rapid contends that there is no evidence to support such an award since SSC has conceded that it sought attorney's fees because Rapid enforced its own contract with Prante. Rapid elaborates on its position, arguing that since SSC's contract with Prante also contains a right of first refusal and security interest provisions, SSC has admitted that it is not just and equitable to award it attorney's fees.

A person whose rights, status, or other legal relations are affected by a contract may have determined any question of construction or validity arising under the contract and obtain a declaration of rights, status, or other legal relations thereunder. *See* Tex. Civ. Prac. & Rem.Code Ann. § 37.004(a) (Vernon Supp. 2007). In a proceeding under the UDJA, the court may award costs and reasonable and necessary attorney's fees as are equitable and just. *See* Tex. Civ. Prac. & Rem.Code Ann. § 37.009 (Vernon 1997).

■ In the case at hand, the only question properly before the trial court on summary judgment was whether SSC could be bound to arbitrate pursuant to the terms of the arbitration clause of the Rapid–Prante agreement. *See* Tex. Civ. Prac. & Rem.Code Ann. § 171.023. Therefore, since this issue concerned SSC's rights as affected by the arbitration clause in the Rapid–Prante agreement and a determination as to whether the Rapid–Prante agreement could be construed so as to require SSC to participate in arbitration, we hold that the UDJA is an appropriate vehicle for consideration of the issue. *See* Tex. Civ. Prac. & Rem.Code Ann. § 37.004(a).

■ We next consider Rapid's contention that there is no evidence to support the award of attorney's fees. The UDJA entrusts attorney's fee awards to the trial court's sound discretion subject to the requirements that any fees awarded be reasonable and necessary, which are matters of fact, and to the additional requirements that the fees be equitable and just, which are matters of law. *See Bocquet v. Herring,* 972 S.W.2d 19, 21 (Tex. 1998). Rapid has limited its argument on appeal to the

lack of evidence underlying the legal question concerning whether the attorney's fees awarded were equitable and just.

In its motion for summary judgment, SSC argued as follows:

The Texas Declaratory Judgment Statute allows a party to recover costs and reasonable and necessary attorney's fees as are equitable and just. [citation omitted].... [A]s a result of the Rapid Defendants' actions in pursuing an improper arbitration against Stone Street, Plaintiffs were forced to incur a great deal of attorney's fees in pursuing and securing a temporary restraining order and temporary injunction against the Rapid Defendants.

Stone Street/SSC maintains that part of the motive underlying the Rapid Defendants' conduct is to simply harass Stone Street/SSC, drive up the costs of doing business, and possibly snag a transaction to which Rapid has no right. In light of the Rapid Defendants' conduct and actions in this case, ... it is equitable and just for the Court to award Plaintiffs' reasonable and necessary attorney's fees and court costs.

SSC then presented its argument that its attorney's fees were reasonable and necessary, the sole support for which was the affidavit of Earl S. Nesbitt, SSC's attorney. In his affidavit, Nesbitt details his involvement in the litigation of the case, describing acts he performed and pleadings he prepared on SSC's behalf. Nesbitt further chronicles the time he spent on the case and the fee he charges for his services. Elsewhere in its motion for sum-

mary judgment, SSC argued that Rapid improperly sought to involve SSC in arbitration proceedings pursuant to the Rapid–Prante agreement. In support of its contention, SSC directed the court to a copy of the Rapid–Prante agreement, which was part of the summary judgment record. The remainder of the summary judgment evidence provides further support for the trial court's legal conclusion to the extent that it indicates that Rapid sought to improperly involve SSC in its arbitration with Prante.

Having reviewed the summary judgment evidence, we conclude that there is undisputed evidence supporting the element that the trial court's award of attorney's fees was equitable and just so as to entitle SSC to judgment as a matter of law. Therefore, we hold that the trial court's award of attorney's fees to SSC was proper. Rapid's sixth subissue is overruled.

### Permanent Injunction

In its third subissue, Rapid argues that the trial court erred in granting a permanent injunction in favor of SSC. Specifically, the trial court's final summary judgment stated as follows:

IT IS FURTHER ORDERED, ADJUDGED, DECREED, AND DECLARED that Plaintiffs SSC and Stone Street are not required to arbitrate any dispute with the Rapid Defendants relating to or regarding any of the Disputed Matters and the Rapid Defendants are enjoined from filing, pursuing[,] or proceeding with any arbitration proceeding involving Plaintiffs relating to any of the Disputed Matters.[12]

12. In its final summary judgment, the trial court found that "SSC and Stone Street are not required to arbitrate any claim, demand, issue, or dispute raised, made, or asserted by the Rapid Defendants relative to the matters in dispute in this case including any claim, matter, or dispute relative to the January

2005 Rapid–Prante Order; the Rapid–Prante Case; the transaction by and between the Rapid Defendants and Prante which is the subject of the Rapid–Prante Case, the SSC Assigned Payments; the SSC–Prante Order; the SSC–Prante Case; or the transaction

In our review of a trial court's order granting a permanent injunction, we review all the evidence to determine whether the trial court's ruling was correct. *See Brown v. Carroll,* 683 S.W.2d 61, 62 (Tex.App.-Tyler 1984, no writ). The purpose of a permanent injunction is to grant the injunctive relief to which the applicant is entitled as part of the final judgment after a trial on the merits. *See NMTC Corp. v. Conarroe,* 99 S.W.3d 865, 868 (Tex.App.-Beaumont 2003, no pet.).

Rapid argues that the permanent injunction prevents it from arbitrating with Prante. Based on our reading of the trial court's judgment, we do not agree that the trial court enjoined Rapid from arbitrating with Prante pursuant to the arbitration clause in the Rapid–Prante agreement.

*Compelling SSC to Arbitrate* [13]

As set forth above, although it was not pleaded in SSC's petition for declaratory judgment, SSC argued in its request for injunctive relief and motion for summary judgment that Rapid could not compel SSC to arbitrate the dispute.[14] Under the FAA, state law governs whether a litigant agreed to arbitrate. *See In re Weekley Homes, L.P.,* 180 S.W.3d at 130–31. There are six recognized theories arising out of common principles of contract and agency law that may bind nonsignatories to arbitration agreements: (1) incorporation by reference; (2) assumption; (3) agency; (4) alter ego; (5) equitable estop-

pel, and (6) third party beneficiary. *See In re Kellogg Brown & Root, Inc.,* 166 S.W.3d at 739. Rapid argues that even though SSC is not a signatory to the Rapid–Prante agreement, it can nonetheless be compelled to arbitrate under the doctrine of direct benefits estoppel.

Direct benefits estoppel is a type of equitable estoppel that federal courts apply in the arbitration context. *Id.* (citing *Bridas S.A.P.I.C. v. Gov't of Turkm.,* 345 F.3d 347, 361–62 (5th Cir. 2003)). Under direct benefits estoppel, a nonsignatory plaintiff seeking the benefits of a contract is estopped from simultaneously attempting to avoid the contract's burdens, such as the obligation to arbitrate disputes. *See In re Kellogg Brown & Root, Inc.,* 166 S.W.3d at 739. The doctrine recognizes that a party may be estopped from asserting that the lack of his signature precludes enforcement of the contract's arbitration clause when he has consistently maintained that other provisions of the same contract should be enforced to benefit him. *See Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen,* 206 F.3d 411, 416 (4th Cir.2000). Thus, a nonsignatory plaintiff may be compelled to arbitrate if it seeks to enforce terms of a contract containing an arbitration provision. *See In re Kellogg Brown & Root, Inc.,* 166 S.W.3d at 739. For example, if a nonsignatory's breach of warranty and

---

which is the subject of the SSC–Prante Case (hereinafter the 'Disputed Matters')."

**13.** With regard to MetLife and Metlife Security, the trial court's final summary judgment further stated as follows:

IT IS FURTHER ORDERED AND DECLARED that MetLife and Metlife Security are not required to arbitrate any dispute with the Rapid Defendants relating to any of the Disputed Matters.

Rapid has made no argument on appeal that the trial court's order that "MetLife and Met-

life Security are not required to arbitrate any dispute with the Rapid Defendants relating to any of the Disputed Matters" is erroneous. *See* Tex.R.App. P. 38.1(h).

**14.** Rapid raised this issue in conjunction with a portion of its fourth subissue, which concerns whether the trial court erred in refusing to stay proceedings as to SSC. We have considered these issues in concert as they pertain to Rapid's subissue concerning the trial court's grant of permanent injunctive relief.

breach of contract claims are based on certain terms of a written contract, then the nonsignatory cannot avoid an arbitration provision within that contract. *Id.* If, however, a nonsignatory's claims can stand independently of the underlying contract, then arbitration generally should not be compelled under this theory. *Id.* at 739–40.

Consistent with the federal doctrine of "direct benefits estoppel," the Texas Supreme Court has held that a nonsignatory plaintiff may be compelled to arbitrate if its claims are "based on a contract" containing an agreement to arbitrate. *Id.* at 740; *In re FirstMerit Bank*, 52 S.W.3d 749, 755 (Tex.2001). In *In re FirstMerit Bank*, the nonsignatory plaintiffs sued the signatory defendant for, among other things, breach of contract, revocation of acceptance, and breach of warranty. *Id.* at 752–53, 755. By bringing the breach of contract and breach of warranty claims, the plaintiffs sought benefits that stemmed directly from the contract's terms. The supreme court concluded that, by seeking to enforce the contract, the nonsignatory plaintiffs "subjected themselves to the contract's terms, including the Arbitration Addendum." *Id.* at 756.

■ In the case at hand, SSC, by its claims, did not seek to benefit from the Rapid–Prante agreement. To the contrary, SSC sought a declaration that it was not bound by the arbitration provision in the Rapid–Prante agreement. Therefore, we hold that SSC cannot be compelled to arbitrate under the doctrine of direct benefits estoppel.

Rapid further argues that SSC should be compelled to arbitrate because it "will-

fully and intentionally interfered with the contract" between Rapid and Prante and "unfairly competed" with Rapid "for the purpose of obtaining of the benefit of the transfer with Prante." However, such a scenario proposed by Rapid for compelling arbitration amounts to the reverse of traditional direct benefits estoppel, or rather, an "indirect benefits estoppel." Rapid has not cited authority for such a doctrine nor are we aware of any such authority. We therefore decline to create such a doctrine.

### Enjoining Arbitration Generally

■ Rapid further argues that injunctive relief is "grossly inappropriate and not allowed with respect to arbitration agreements." In support of its argument, Rapid cites *Settlement Capital Corp.*, 140 S.W.3d at 885–86. In that case, the court of appeals held that injunctive relief was improper as it "would require the court to consider the merits of the underlying dispute, which would interfere with the arbitrator's independent determination of the issues and frustrate the strong federal policy in favor of speedy implementation of arbitration without delay and obstruction in the courts." *Id.* at 887 (citing *Merrill Lynch, Pierce, Fenner & Smith v. McCollum*, 666 S.W.2d 604, 608–09 (Tex.App.-Houston [14th Dist.] 1984, writ ref'd n.r.e.)). The remaining issue in the case at hand, i.e., whether Rapid can be enjoined from compelling SSC to arbitrate under the Rapid–Prante agreement, is not an issue to be determined by the arbitrator. *See* Tex. Civ. Prac. & Rem.Code Ann. § 171.023(b).[15] Moreover, the remedy set forth in Section 171.023 where the trial court finds for the party challenging the existence of an agreement to arbitrate is to

---

**15.** Rapid further contends that enforcement of the arbitration agreement as to SSC is a matter to be determined by the arbitrator pursuant to the terms of the arbitration agreement. However, we do not reach the issue of whether a provision in an arbitration contract can preclude a proceeding under Section 171.023 as we have held above that SSC is not bound by the arbitration agreement between Rapid and Prante.

stay the arbitration. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 171.023(c) (Vernon 2005). A "stay" is a kind of injunction with which a court freezes proceedings. *See* BLACK'S LAW DICTIONARY 1413 (6th ed. 1990). As there was no determination by the trial court concerning the enforceability of the arbitration agreement as between Rapid and Prante, a stay of the entirety of the arbitration proceedings would not have been an appropriate remedy. Thus, we hold that the trial court's order enjoining Rapid from arbitrating with SSC concerning matters pertaining to the Rapid–Prante agreement was an available and appropriate remedy. Rapid's third subissue and the remainder of its fourth subissue are overruled.

### CONCLUSION

Having determined that Rapid's appellate remedy was adequate, we *deny* Rapid's petition for writ of mandamus. Having sustained Rapid's first subissue and a portion of its fourth subissue, we *vacate* the trial court's order denying Rapid's Amended Motion to Stay Litigation Pending Arbitration. Having sustained Rapid's second subissue, we *reverse* the trial court's judgment insofar as it declares that Rapid did not acquire a security interest in any of the periodic payments that are the subject of the SSC–Prante order, that Rapid does not have a right of first refusal in any of the periodic payments that are the subject of the SSC–Prante order, and that MetLife and Metlife Security shall comply with the SSC–Prante Order without liability to Rapid, and *render* judgment that SSC take nothing on its claims for declaratory relief relating to those matters. In all other respects, the judgment of the trial court is ***affirmed.***